UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

RONNIE K. HONGO                              CIVIL ACTION NO. 16-cv-0324

VERSUS                                       JUDGE HICKS

JERRY GOODWIN, ET AL                         MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

Ronnie Hongo ("Hongo") is a self-represented prisoner who was housed at the David Wade Correctional Center. He filed this civil rights action against several prison officials based on allegations of excessive force, failure to intervene, and denial of proper medical care. Before the court is Hongo's Motion for Summary Judgment (Doc. 42). For the reasons that follow, it is recommended that the motion be denied.

**Relevant Facts**

Hongo alleges in his complaint, as amended, that he was involved in an "aggravated fight" on August 17, 2015. That incident resulted in the other prisoner, Cory Leone, filing a civil rights action against prison officials and Plaintiff. Leone v. Goodwin, 16-cv-1178. Leone alleged that Hongo used a belt with two padlocks attached to seriously beat Leone, who was asleep in his bunk. Leone allegedly suffered life-threatening injuries and required treatment including surgical placement of a steel plate in his skull and a month or more of hospitalization.

Hongo alleges that he never resisted the officers who came to stop the attack, but Sgt. Holyfield pushed Hongo on the bed. Warden Arnold allegedly told Captain Kimball to kill Hongo, and Kimball then slammed Hongo's head on a door and broke Hongo's left hand. Hongo accuses Kimball of tightening Hongo's handcuffs and kicking Hongo in the neck. He claims Warden Goodwin grabbed him by the head and started to slam it against the wall. Hongo prays for several million dollars in compensatory and punitive damages.

**Summary Judgment Burden**

Hongo bears the burden of proving his claims at trial. To prevail on a motion for summary judgment, he must present evidence that would entitle him to judgment as a matter of law if it went uncontroverted at trial. International Shortstop, Inc. v. Rally's, Inc., 939 F.2d. 1257, 1264 (5th Cir. 1991). Stated another way, when the moving party bears the burden of proof because he is the plaintiff, he must establish beyond peradventure all of the essential elements of his claims to warrant judgment in his favor. Fontenot v. Upjohn Co., 780 F.2d 1190, 1194 (5th Cir. 1986). His presentation must establish that no reasonable trier of fact could find other than for the plaintiff. Sunburst Media Management, Inc. v. Devine, 2010 WL 1962499 *2 (M.D. Tex. 2010).

**Analysis**

Hongo's filing consists of a one-page motion that sets forth a brief summary of his allegations and makes a conclusory request for judgment in his favor without benefit of trial. Hongo attaches a one-page memorandum that argues there was no need for excessive force and that the several defendants should be held liable for their use of force, failure to protect,

and not affording proper medical care. Hongo does not submit any competent summary judgment evidence.

When a movant bears the burden of proof on a claim, the nonmoving party may defeat the motion "by showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." International Shortstop, Inc., 939 F.2d. at 1264. Hongo has produced zero evidence in support of his claims, so his presentation falls far short of meeting his summary judgment burden. His motion must be denied.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's **Motion for Summary Judgment (Doc. 42)** be **denied**.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that

party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See <u>Douglass v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 19th day of September, 2017.

Mark L. Hornsby
U.S. Magistrate Judge