UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| RONNIE K. HONGO | CIVIL ACTION NO. 16-cv-0324 |
| VERSUS | JUDGE HICKS |
| JERRY GOODWIN, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Ronnie Hongo ("Hongo") is a self-represented prisoner who was housed at the David Wade Correctional Center. He alleges in his complaint, as amended, that he was involved in an "aggravated fight" with a fellow prisoner. That incident resulted in the other prisoner, Cory Leone, filing a civil rights action against prison officials and Plaintiff. Leone v. Goodwin, 16-cv-1178. Leone alleged that Hongo used a belt with two padlocks attached to seriously beat Leone, who was asleep in his bunk. Leone allegedly suffered life-threatening injuries and required treatment including surgical placement of a steel plate in his skull and a month or more of hospitalization.

He filed his own civil rights action, this case, against several prison officials based on allegations of excessive force, failure to intervene, and denial of proper medical care. Hongo alleges that he never resisted the officers who came to stop his attack on Leone, but Sgt. Holyfield pushed Hongo on the bed. Warden Arnold allegedly told Captain Kimball to kill Hongo, and Kimball then slammed Hongo's head on a door and broke Hongo's left hand. Hongo accuses Kimball of tightening Hongo's handcuffs and kicking Hongo in the neck.

He claims Warden Goodwin grabbed him by the head and started to slam it against the wall. Hongo prays for several million dollars in compensatory and punitive damages.

Hongo has filed a "Motion and Notice to be Examined; Rule 35" (Doc. 50) that is before the court. Hongo asks that he be examined by a neurologist and orthopedic surgeon and that he receive a CT scan and MRI. He complains that the prison physician has stated that nothing is wrong with him and falsified his medical records by stating that Hongo refuses his medication.

Hongo invokes Federal Rule of Civil Procedure 35, which permits the court, upon a showing of good cause, to order a party whose mental or physical condition is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. A movant must make an affirmative showing of good cause, but an attempt by a prisoner to use Rule 35 to provide himself with an expert witness is not good cause. Grogan v. Kumar, ___ F.3d ___, 2017 WL 4324977, *6 (5th Cir. 2017), citing 8B Wright & Miller, Federal Practice and Procedure, § 2231 (3d ed., updated April 2017) ("Under Rule 35, the court has no authority to appoint a medical expert to examine plaintiff on plaintiff's motion. ... No civil litigant, even an indigent one, has a right under the rule to an award of costs for a medical examination, or to appointment of an expert commanded to perform such an examination without being paid.") Accordingly, Hongo's **Motion and Notice to be Examined (Doc. 50)** is **denied**.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 12th day of October, 2017.

>  
> Mark L. Hornsby  
> U.S. Magistrate Judge