UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

RONNIE K. HONGO                           CIVIL ACTION NO. 16-cv-0324

VERSUS                                    CHIEF JUDGE HICKS

JERRY GOODWIN, ET AL                      MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Ronnie Hongo ("Hongo") is a self-represented prisoner who was housed at the David Wade Correctional Center. He filed this civil rights action against several prison officials based on allegations of excessive force, failure to intervene, and denial of proper medical care. Hongo alleges in his complaint, as amended, that he was involved in an "aggravated fight" on August 17, 2015. That incident resulted in the other prisoner, Cory Leone, filing a civil rights action against prison officials and Plaintiff. Leone v. Goodwin, 16-cv-1178. Leone alleged that Hongo used a belt with two padlocks attached to seriously beat Leone, who was asleep in his bunk. Leone allegedly suffered life-threatening injuries and required treatment including surgical placement of a steel plate in his skull and a month or more of hospitalization.

Hongo alleges that he never resisted the officers who came to stop the attack, but Sgt. Holyfield pushed Hongo on the bed. Warden Arnold allegedly told Captain Kimball to kill Hongo, and Kimball then slammed Hongo's head on a door and broke Hongo's left hand. Hongo accuses Kimball of tightening Hongo's handcuffs and kicking Hongo in the

neck. He claims Warden Goodwin grabbed him by the head and started to slam it against the wall. Hongo prays for several million dollars in compensatory and punitive damages.

Plaintiff has pursued and obtained discovery. He has filed a motion for summary judgment, and it has been denied. Defendants have now filed a motion for summary judgment and asserted, among other defenses, qualified immunity.

Plaintiff has filed his opposition to Defendants' motion for summary judgment, and he has also filed a Motion to Compel (Doc. 59), a Motion for Discovery Demand for Production of Documents (Doc. 60), and a Motion for Protective Order (Doc. 68) that is actually a motion that seeks to compel the production of certain requested documents. Plaintiff repeatedly requests copies of allegedly recorded interviews, demands that the court and attorneys listen to alleged recordings, and requests copies of documents such as a grievance and the deposition of an officer taken in the companion case.

Defendants have responded to those post-summary judgment discovery requests with a Motion for Protective Order and to Stay Pending Discovery (Doc. 66) based on their assertion of qualified immunity. One of the purposes of that defense is to protect a public official from the burdens of discovery when the plaintiff has not filed an adequate claim. A stay of discovery in the face of a motion for summary judgment that raises the defense is ordinarily appropriate. <u>Wicks v. Miss. State Employment Services</u>, 41 F.3d 991, 994 (5th Cir. 1995).

Plaintiff has already briefed the pending summary judgment disputes and has not sought to rely on any of the requested discovery, and he has not otherwise shown that he

is entitled to continue to pursue discovery before the motion for summary judgment is resolved. Accordingly, Defendants' **Motion for Protective Order and to Stay Pending Discovery (Doc. 66)** is **granted**. Discovery is stayed until the pending motion for summary judgment is resolved.

In light of the stay, Plaintiffs' **Motion to Compel (Doc. 59)**, **Motion for Discovery Demand for Production of Documents (Doc. 60)**, and **Motion for Protective Order (Doc. 68)** are **denied without prejudice** to the right to later pursue reasonable discovery with respect to any claims that survive the summary judgment contest.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 28th day of March, 2018.

Mark L. Hornsby
U.S. Magistrate Judge